## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fadeel Nahil Shuhaiber, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 7743 |
| v. | ) | |
| | ) | Hon. Mary M. Rowland |
| Heath Simon, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In this *pro se* lawsuit, Plaintiff Fadeel Nahil Shuhaiber, alleges Defendants violated his constitutional rights by creating false testimony/documents/records regarding his criminal record that resulted in him being detained during his removal process and ultimately caused his removal from the United States. Plaintiff raises claims under both 42 U.S.C. § 1983 (as to state/county officials) and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (as to federal officials).[1] The Federal Defendants have moved to dismiss Plaintiff's amended complaint under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The State/County Defendants have moved to dismiss Plaintiff's amended complaint under Rule 12(b)(6). For the reasons stated below, the Federal Defendants' motion to dismiss is granted based on the Court's lack of subject matter jurisdiction. The State/County Defendants' motion to dismiss is denied as moot in light of the lack of subject matter jurisdiction.

## I.     Allegations

---

[1] Plaintiff names the following federal officials as defendants: Immigration Judge Kathryn DeAngelis; Immigration and Customs Enforcement (ICE) lawyers Elizabeth Bayly, Erin Kelly, and Michelle Vinci; ICE Headquarters Unit Chief Heath Simon; ICE Deputy Field Office Director Sylvie Renda; ICE Deportation Officers Michael Landmeier, Max Triveline, Edgar Del Rivero, Adam Saracco, Daniel Liebas; and FBI Section Chief, Scott Rago. He also names Cook County officials Dorothy Brown and Kimberly Foxx. He does not indicate whether he names these persons in their individual or official capacities.

Plaintiff is a native of the United Arab Emirates and entered the United States on a student visa in 2014.[2] Dkt. 26-1, Ex. E, p. 51. A year later he was arrested for child pornography; he was convicted and sentenced in 2017 to 5 years in state prison. *Id.*, Ex. 12, p 80.

In December 2017, the Department of Homeland Security charged Shuhaiber with removability pursuant to: INA § 237(a)(l)(B), as an alien who remained in the United States longer than authorized; INA § 237(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude within five years of admission for which a sentence of one year or more may be imposed; and INA § 237(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(A) (murder, rape, or sexual abuse of a minor). Dkt. 26-1, Ex. 5A, p. 51.

Plaintiff received a copy of his criminal history record from the Illinois State Police on November 3, 2020. Am. Comp. at 20; Dkt. 26-1 Ex. 1, p. 4. That document indicates that Plaintiff was found guilty of two counts of child pornography: Count 1, 720 ILCS 5/11-20.1(a)(2),[3] with a sentence of "645 DAY(S) CREDIT TIME SERVED" and Count 13, 720 ILCS 5/11-20(a)(6),[4] with a sentence of five-years imprisonment. Dkt. 26-1, Ex. 1, p. 4. Plaintiff alleges that this information was incorrect (he was not convicted of Count 1) and this incorrect information was

---

[2] Plaintiff's Amended Complaint (Dkt. 26) is somewhat difficult to follow. Plaintiff attaches the decision of the immigration judge and other public records as exhibits. The Court takes judicial notice of these documents as they are public records and germane to the allegations in the Amended Complaint. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (holding that courts can take notice of matters of public record, including "orders, items appearing in the record of the case, and exhibits attached to the complaint.").

[3] 720 ILCS 5/11-20.1(a)(2) provides: (a) A person commits child pornography who: (2) with the knowledge of the nature or content thereof, reproduces, disseminates, offers to disseminate, exhibits or possesses with intent to disseminate any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child or person with a severe or profound intellectual disability whom the person knows or reasonably should know to be under the age of 18 or to be a person with a severe or profound intellectual disability, engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection;

[4] 720 ILCS 5/11-20.1(a)(6) provides: (a) A person commits child pornography who: (6) with knowledge of the nature or content thereof, possesses any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child or person with a severe or profound intellectual disability whom the person knows or reasonably should know to be under the age of 18 or to be a person with a severe or profound intellectual disability, engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection

used to incarcerate him during the removal proceedings and as evidence for removal. Am. Compl. p. 19.

Plaintiff was interviewed by an Immigration and Customs Enforcement (ICE) agent, Daniel Liebas, on August 7, 2017. *Id.* at p. 20. Plaintiff alleges that Agent Liebas falsely reported that Plaintiff had been convicted of an aggravated felony. *Id.*

Plaintiff alleges that the Federal Bureau of Investigations used the Illinois State Police Report and Agent Liebas's report to issue a "FBI Rap Sheet." *Id.* The FBI Rap Sheet states that Plaintiff was found guilty in the state court of Counts 1 and 13. Dkt. 26-1 Ex. 3, p. 30. The Rap sheet was used by Michelle Venci and Elizabeth Bayly to start removal procedures by filing a Notice to Appear (NTA), Bond, and Custody Processing Sheet. Am. Comp at 20; Dkt. 26-1, Ex. 2, p. 9. The NTA states that Plaintiff was convicted of Count I in violation of 720 ILCS 5/11-20.1(a)(2). Dkt. 26-1, Ex. 2, p. 10-12. The Record of Deportable Alien states that Plaintiff would be given NO BOND because of his criminal history. *Id.*, p. 12. Another document in the administrative record, dated May 14, 2019 and titled "Additional Charges of Inadmissibility/Deportability" states that Plaintiff was convicted of 720 ILCS 5/11-20.1(a)(6). Dkt. 26-1, Ex. 4, p. 43.

In May 2018, Plaintiff filed a motion to dismiss and an asylum application. Am. Comp. at 21. Plaintiff challenged that he had been convicted on the two counts and the allegation that he had been convicted of an aggravated felony. Dkt. 26-1, Ex. 5, p 46. Immigration Judge DeAngelis relied only on Plaintiff's conviction on Count 13 and found that convictions constituted an aggravated felony. *Id.* Ex. 5A, p. 55. A subsequent NTA filed on May 14, 2019, stated that Plaintiff was convicted of 720 ILCS 5/11-20.1(a)(6). *Id.*, p. 48. Plaintiff filed a second motion to dismiss following that NTA. Dkt. 26-1, Ex. 5, p. 46-50.

On May 2, 2019, Plaintiff was transferred from the Illinois Department of Corrections to the custody of ICE. Am. Comp. at p. 21. The next day, Plaintiff met with his deportation officer Adam Saracco who refused to address Plaintiff's concerns that his conviction record was incorrect. (*Id.*)

During a May 13, 2019, video call with Judge DeAngelis and DHS Counsel Bayly, Plaintiff denied the charges against him. *Id.* The next day, DHS Counsel Kelley added an additional criminal "charge" to Plaintiff's NTA.[5] On July 27, 2019, Judge DeAngelis sustained the two charges: conviction of an aggravated felony and a crime of moral turpitude. *Id.* at 26-29. On August 21, 2019, Judge DeAngelis issued her decision, finding that Plaintiff was convicted of an aggravated felony with a five-year sentence making him ineligible for asylum and withholding of removal as a matter of law. Dkt. 26-1, Ex. 5(a), p. 54-55. In the alternative, Judge DeAngelis found that even if Plaintiff's conviction was not considered an aggravated felony, the conviction, his sentence, and the underlying facts of his conviction constituted a particularly serious crime. *Id.*, p. 56. Judge DeAngelis cited to Plaintiff's conviction on Count 13, 720 ILCS 5/11-20.a(a)(6). *Id.*

Plaintiff alleges that he was denied parole by ICE Chicago Deputy Field Office Director Sylvie Renda even though he raised the above issues with Deportation Officers Landmeier, Max Triveline, and Edgar Del Rivero on September 20, 2020. Am. Comp. p. 22. Plaintiff further alleges that his detention exposed him to COVID-19. *Id.*, p. 17-18.

Instead of appealing Judge DeAngelis's decision, Plaintiff petitioned the Seventh Circuit United States Court of Appeals. *Shuhaiber v. Barr*, No. 19-2960. The Court dismissed that petition because Plaintiff had not exhausted his administrative remedies. *Id.* Plaintiff then successfully petitioned the immigration court to reopen his case and reissue the removal order so that he could

---

[5] A "charge" is a way to categorize a crime such as an aggravated felony or a crime of moral turpitude.

pursue his administrative remedies by filing an appeal with the Board of Immigration. Am. Comp. p. 22. Plaintiff withdrew that appeal due to a family medical issue in another country, and he has since been removed from the United States. *Id*.

In May 2020, Plaintiff filed suit seeking review of his removal order. *Shuhaiber v. ICE*, No. 20 C 2748 (N.D. Ill. (Chang, J.)). In the civil lawsuit, Plaintiff argued that Judge DeAngelis erred in concluding that his criminal conviction was an aggravated felony and that it was a crime of moral turpitude. (No. 20 C 2748, Dkt. 7, pgs. 3-10). Plaintiff's allegations included the same issues he raises in the present action regarding incorrect documentation and findings by Judge DeAngelis. Judge Chang dismissed Plaintiff's suit for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252. (No. 20 C 2748, Dkt. 10).

In July 2020, Plaintiff filed a habeas petition seeking review of his order of removal and release from custody. *Shuhaiber v. ICE*, No. 20 C 50290 (N.D. Ill.) (Pallmeyer, J.). Plaintiff's allegations again included the same issues he raises here regarding incorrect documentation and findings by Judge DeAngelis. *Id*., Dkt. 1. Plaintiff relied on the same exhibits and documents as he does in the present lawsuit. *Id*. Judge Pallmeyer dismissed the habeas petition for lack of subject matter jurisdiction. *Id.,* Dkt. 10. That dismissal was affirmed by the Seventh Circuit. *Shuhaiber v. ICE*, No. 20-2823, 834 Fed. App'x. 282 (7th Cir. 2021).

## II.    Analysis

Federal Defendants move under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's claims for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

As to the 12(b)(1) motion, a plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d

586, 588–89 (7th Cir. 2014). When addressing a 12(b)(1) motion, the court may look beyond the jurisdictional allegations of the complaint and consider whatever evidence has been submitted on the jurisdictional issue to determine whether subject matter jurisdiction exists. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007). Under both 12(b)(1) and 12(b)(6), the Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Burwell*, 770 F.3d at 588–89; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In the immigration context, federal law provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g); *see also, Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999) (provision's scope is limited to the three named actions—commencement of proceedings, adjudication of cases, and execution of removal orders); *Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002). An alien cannot evade the jurisdictional bar of Section 1252(g) by recharacterizing his claim, that in reality, attacks the decision to execute removal. *Gomez-Chavez v. Perryman*, 308 F.3d 796, 800 (7th Cir. 2002). Section 1252(g) applies to both direct reviews of immigration orders as well as collateral attacks, such a civil damages suit. *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 942 (5th Cir. 1999). If the decision to commence a proceeding, adjudicate a case, or execute a removal order is a direct cause of the alleged injury, then § 1252(g) divests the district court of jurisdiction over that civil claim. *Id.*

Here, Plaintiff argues that he "clearly stated" in his amended complaint that he was not challenging his removal but instead was raising a "direct attack on each statement and each testimony made by each named defendant." Dkt. 55, p. 2. He argues that a simple review of the records he attached to his amended complaint show that the "only matters" he is bringing before the Court are the false statements and testimonies by the Defendants that were made to the Attorney General's Office, the Immigration Court, and the Federal Court. *Id.*

Regardless of Plaintiff's assertions that the present claims are not an attack on his removal, the allegations and the alleged false documents and statements flow directly from the decision to commence removal proceedings, the adjudication of those proceedings, and the ultimate execution of his removal. As Plaintiff alleges the "series of false documents and false accusations were incorporated by these agencies [FBI, ICE, and DHS] in my removal proceedings and were used as evidence to get me removed [out] of the country." Am. Compl. p. 19. Thus, it is clear that the same alleged false documents and statements that form the basis of his present civil claims were part and parcel of his immigration proceedings. This includes his detention during the proceedings in which he alleges that his detention was unconstitutional because it exposed him to COVID-19.

This becomes even more clear when one reviews Plaintiff's multiple attempts in other lawsuits challenging his removal proceedings and ultimate removal. Before the instant suit, Plaintiff filed three lawsuits/petitions challenging his immigration proceedings. Those challenges all involved the same alleged false documents and testimonies that form the basis of his present claims. This bolsters the finding that the basis of his present civil claims is directly related to the decision to commence, adjudicate, and execute his removal. *See Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (affirming dismissal of complaint for lack of subject-matter jurisdiction where plaintiff alleged that he never received notice of the INS's intent to rescind his permanent-resident

status); *Kightlinger v. Napolitano*, No. 10 C 0121, 2011 WL 13136043 (S.D. Ill. May 27, 2011) (Reagan, J.) (dismissing claims related to removal proceedings for lack of jurisdiction because allegations "either directly arose from or are inextricably linked" to the removal proceedings) (affirmed *Kightlinger v. Napolitano*, 500 Fed. App'x. 511, 514 (7th Cir. 2013) (unpublished) (dismissal of complaint for lack of jurisdiction proper because plaintiff's "challenges to the immigration proceedings are actually challenges to orders that were part and parcel to the deportation proceedings"); *Vargas v. Beth*, 378 F. Supp. 3d 716, 723 (E.D. Wis. 2019) (district court lacked jurisdiction over claim that the removal court lacked jurisdiction as the resolution of that claim in plaintiff's favor "would necessarily amount to an invalidation of his order of removal"); *Nino v. Johnson*, No. 16 C 287, 2016 WL 6995563 (N.D. Ill. Nov. 30, 2016) (St. Eve., J.) (finding lack of jurisdiction over plaintiff's due process claims related to revocation proceedings); *Maina v. Lynch*, No. 15 C 0113, 2016 WL 2594813 (S.D. Ind. May 5, 2016) (Young, J.) (same); *Khorrami v. Rolince*, 493 F. Supp. 2d 1061, 1068 (N.D. Ill.) (district court lacked jurisdiction over Fourth Amendment claim predicated on plaintiff's arrest and detention because that arrest and detention "flowed directly" from the decision to commence removal proceedings); *Maci v. Hable*, No. 19 C 0201, 2020 WL 4480869 (S.D. Tex. July 9, 2020) (Morgan, J.) (recommending dismissal of plaintiff's civil rights and tort claims alleging he was falsely imprisoned and subjected to removal for lack of jurisdiction because the claims "flow directly from the decisions made by the immigration officials in adjudicating his asylum claim [] and executing a removal order").

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over all of Plaintiff's claims under 8 U.S.C. § 1252(g). Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court need not address Defendants' other arguments.

### III.    Conclusion

For the reasons stated above, the federal Defendants' motions to dismiss [51] is granted and the matter is dismissed for lack of subject matter jurisdiction. The State/County Defendants' motion to dismiss [44] is denied as moot.  Civil case terminated.[6]

E N T E R:

Dated: March 15, 2022

_Mary M Rowland_

_____

MARY M. ROWLAND
United States District Judge

---

[6] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(B). Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights.  However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).  Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e).  The time to file a motion pursuant to Rule 59(e) cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).  A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).  A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order.  *See* Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).